IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISON

| | |
|---|---|
| **FAMILY MEDICINE PHARMACY LLC,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**PERFUMANIA HOLDINGS, INC.,** )<br>**PERFUMANIA, INC., QUALITY KING** )<br>**FRAGRANCE, INC., and** )<br>**QUALITY FRAGRANCE GROUP,** )<br>)<br>    **Defendants.** ) | **Civil Action No: 1:15-CV-00563-C**<br><br><br><br>**JURY DEMAND** |

## AMENDED CLASS ACTION COMPLAINT

**COMES NOW** Family Medicine Pharmacy (hereinafter "Plaintiff' or "Family") and files this present class action against Perfumania Holdings, Inc., Perfumania, Inc., Quality King Fragrance, Inc., and Quality Fragrance Group (hereinafter "Defendants"), seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and alleges the following:

### I. PARTIES

1. Plaintiff Family is a limited liability company organized and validly existing under the laws of Alabama, and located in Clarke County, Alabama.

2. Defendant Perfumania Holdings, Inc. (hereinafter "Perfumania") is a corporation organized and validly existing under the laws of the State of Florida. Perfumania's offices are located at 35 Sawgrass Drive Bellport, N.Y. 11713.

3. Defendant Quality King Fragrance, Inc. (hereinafter Quality King) is a corporation organized and validly existing under the laws of the State of New York. Defendant's offices are

located at 35 Sawgrass Drive, Bellport, N.Y. 11713. Quality King Fragrance, Inc. also operates under the name Quality Fragrance Group.

4. Defendant Perfumania, Inc. is a corporation organized and validly existing under the laws of the State of Florida. Perfumania, Inc.'s offices are located at 35 Sawgrass Drive Bellport, N.Y. 11713.

5. Defendant Quality Fragrance Group (hereinafter "Quality Fragrance") is a subsidiary of Perfumania and is a subsidiary of Quality King. Upon information and belief, Defendant Quality Fragrance Group serves as an alter ego of Perfumania, Perfumania, Inc. and Quality King in that it is so controlled by Perfumania, Perfumania, Inc. and Quality King as to make it a mere tool of its parents.

6. Upon information and belief, Defendants' primary activities involve advertising to persons and entities in an effort to generate sales leads for their cosmetic and fragrance products.

7. Defendants routinely conduct and solicit business in Alabama.

## II. JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act, Rule 57 of the Federal rules of Civil Procedure, and 28 U.S.C §2201.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

8. Defendants have purposely availed themselves of this Honorable Court by conducting activities in this forum—namely sending unsolicited facsimiles to Plaintiff and to other putative class members.

**III. BACKGROUND**

9. In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991 to prohibit fax transmissions containing unsolicited advertisement.

10. Specifically, the Act makes it unlawful for Defendants to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

11. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

12. Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorize the conduct found to have violated the Act, or where they set company policy and oversaw day-to-day operations that violate the Act.

13. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

**IV. FACTUAL OVERVIEW**

14. According to information and belief, Defendants utilize "fax blasting" activities to generate sales leads for their products.

15. According to information and belief, Defendants' "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama, in an intentional and persistent course of conduct, to Plaintiff and the putative class members. Said activities directed to

Plaintiff's facsimile machines and other facsimile machines nationally have violated certain provisions of the TCPA.

16. Specifically:

    a. On June 30, 2015, Defendants used a telephone facsimile machine, computer, or other device to send an unsolicited advertisement, annexed hereto as Exhibit A, to a telephone facsimile machine owned and controlled by Plaintiff, advertising the commercial availability of Defendants' products—cosmetics and fragrances; and

    b. On September 23, 2015, Defendants used a telephone facsimile machine, computer, or other device to send an unsolicited advertisement, annexed hereto as Exhibit B, to a telephone facsimile machine owned and controlled by Plaintiff, advertising the commercial availability of Defendants' products—cosmetics and fragrances.

17. Both faxes were sent via a fax telephone number operated by and/or controlled by defendants.

## IV. PLAINTIFF'S CLASS ALLEGATIONS

18. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

19. The Class which the named Plaintiff seeks to represent consists of:

  Any and all individuals and/or entities who, from 2011 to the present, received one or more unsolicited advertisements via facsimile from Defendants.

20. The members of the Class are so numerous that joinder of all members is impracticable.

21. As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

22. The Plaintiff's treatment by Defendants is typical of the members of the Class. Specifically, the Plaintiff is a recipient of unsolicited advertisements from the Defendants.

23. The Plaintiff will fairly and adequately protect the interests of the class and has retained counsel who are competent and experienced in class litigation.

24. The Plaintiff has no interests that are adverse or antagonistic to the Class.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing," as documented in the legislative record, is realized through the class action mechanism in this matter.

26. Common questions of law or fact exist as to all members of the Class and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

    a.    Whether Defendants are in violation of the Act?

    b.    Whether class members were recipients of unsolicited advertisements via facsimile?

27. The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

28. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, e-mail notice, social media notice, or other appropriate means as may be directed by the Court.

**COUNT I**
**DEFENDANTS' VIOLATION OF THE**
**THE ACT- UNSOLICITED FACSIMILES**

29. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

30. The Act makes it unlawful for Defendants to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

31. Defendants did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in Act, with Plaintiff. True and correct copies of the Unsolicited Facsimiles received by Plaintiff are annexed hereto as Exhibit "A" and Exhibit "B" and are incorporated herein by reference.

32. Said transmissions of the Unsolicited Facsimiles, as provided for in exhibits A and B, were made without the consent of the Plaintiff, and according to information and belief, without the assent of putative class members.

33. According to information and belief, Defendants' facsimile machines, computers, and other devices are utilized to send unsolicited and authorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

34. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C- §227(b)(3).

35. Defendants' actions and/or those of their agents have shown that Defendants willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to

treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendants' compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

36. Plaintiff adopts and incorporates each and every allegation set forth above as if fully set forth herein.

37. Defendants have engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiff and others similarly situated.

38. There is a substantial and continuing controversy between Defendants and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendants' faxes violate the privacy rights of Plaintiff and all others similarly situated, and whether or not Defendants' faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III
## INJUNCTION

39. Plaintiff adopts and incorporates each and every allegation set forth above as if fully set forth herein.

40. Defendants' practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff, and other similarly situated individuals and/or entities will continue to cause Plaintiff and others similarly situated to be

damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendants' unsolicited advertisement, as well as wasting materials of Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendants' practice of sending or causing to be sent unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

a. certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as the class representative and its counsel as class counsel;

b. declare that the Defendants' practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

c. declare that the defendants' practice of sending unsolicited facsimiles to Plaintiff and others similarly situated is in violation of their respective right to privacy;

d. impose an injunction prohibiting Defendants from sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff and others similarly situated;

e. award to the Plaintiff and putative class members damages under the Act or other such applicable laws;

f. award to the Plaintiff and putative class members the cost of this matter, including reasonable attorneys' fee;

g. award reasonable attorney fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred on behalf of the class;

h. issue a permanent injunction enjoining the Defendants from sending facsimiles in a nature which is violative of the Act to Plaintiff and others similarly situated;

i. impose a Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendants' compliance with the Act relating to Plaintiff and others similarly situated; and

j.    award to the Plaintiff and the putative class members such other, further and more general relief as the Court may deem appropriate under these circumstances.

Respectfully submitted this the 21st day of March 2016.

                              /s/James H. McFerrin
                              James H. McFerrin

**OF COUNSEL:**
**McFERRIN LAW FIRM, LLC**
265 Riverchase Parkway East
Suite 202
Birmingham, Al 35244
T: 205.870.5704
F: 205.985.5093
E: jhmcferrin@bellsouth.net

                              /s/Diandra S. Debrosse-Zimmermann
                              Diandra S. Debrosse-Zimmermann

**OF COUNSEL:**
**ZARZAUR MUJUMDAR & DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
F: 888.505.0523
E: fuli@zarzaur.com

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was filed electronically via the Court's CM/ECF system on March 21, 2016, which thereafter provided notice and service to the following attorneys of record:

Whitt Steineker
Tripp Haston
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
T: 205.521.8000
F: 205.521.8800
*Attorneys for Defendants*
*Perfumania Holdings Incorporated*
*and Quality Fragrance Group*


### SERVE BY CERTIFIED MAIL UNTO THE FOLLOWING PARTIES:

**PERFUMANIA, INC.**
c/o Donovan Chin, Registered Agent
5900 N. Andrews Avenue, Ste. 500
Fort Lauderdale, Florida 33309

**QUALITY KING FRAGRANCE, INC.**
c/o Alfred R. Paliani, Registered Agent
2060 Ninth Avenue
Ronkonkoma, New York 11779


        /s/Diandra S. Debrosse Zimmermann
        Diandra S. Debrosse Zimmermann