IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FAMILY MEDICINE PHARMACY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0563-WS-C |
| ) | |
| PERFUMANIA HOLDINGS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Preliminary Motion for Class Certification (doc. 19) and Motion to Consider Class Certification Upon Completion of Reasonable Discovery (doc. 29).

Plaintiff, Family Medicine Pharmacy, LLC, brought this putative class action against four named defendants (collectively, "Perfumania") alleging violations of the "junk fax" prohibitions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), based on a pair of unsolicited advertisements that Family Medicine received via fax in 2015. The Amended Complaint alleges that Perfumania has transmitted "thousands of unsolicited facsimiles throughout the country," and seeks certification of a class consisting of all persons and entities "who, from 2011 to the present, received one or more unsolicited advertisements via facsimile from Defendants." (Doc. 18, ¶¶ 15, 19.)

On March 21, 2016, mere days after defendants first appeared and filed a Motion to Dismiss, and without the benefit of any discovery (class or otherwise), Family Medicine filed what it dubbed a "Preliminary Motion for Class Certification." On its face, this Preliminary Motion falls well short of the rigorous requirements for certification of a class pursuant to Rule 23, Fed.R.Civ.P. The Eleventh Circuit has recently emphasized that "[t]he party *seeking* class certification has the burden of proof," rather than merely a "burden of pleading." *Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233-34 (11th Cir. 2016). What this means is that the plaintiff "must affirmatively demonstrate his compliance with Rule 23 by proving that

the requirements are *in fact* satisfied" and that, as to any relevant question of fact or law, the district court must "not accept it as true or construe it in anyone's favor" simply because it is pleaded in a certain way in the complaint. *Id.* at 1234 (citations and internal quotation marks omitted). The Rule 23 certification process demands "rigorous analysis," and a "district court that has doubts about whether the requirements of Rule 23 have been met should refuse certification until they have been met." *Id.* at 1233-34 (citations and internal quotation marks omitted). Plaintiff has identified no authority – and the Court is aware of none – that would relax these requirements and lower these burdens where a movant couches his Rule 23 motion in "preliminary" terms.

Viewed through the prism of this stringent legal standard, the defects in Family Medicine's Preliminary Motion for Class Certification are readily identified. In lieu of citing record evidence to meet its burden of establishing that the prerequisites of Rule 23 are satisfied, Family Medicine resorts to predictions and prognostications. For example, plaintiff calls it "significantly probable" that it will be able to prove entitlement to Rule 23 relief, asserts on "information and belief" that relevant records might exist, announces that it is "confident" that certain facts will surface, postulates what "shall be provided upon the commencement of discovery," indicates what "[d]iscovery shall establish," and so on. (Doc. 20, at 5, 6, 8, 11, 12.) A common refrain in plaintiff's filing is that "Plaintiff requests discovery in order to further establish" particular Rule 23 requirements. (*Id.* at 8, 10, 11.) Such hypotheses, forecasts and requests simply do not satisfy Family Medicine's burden of proof on the class certification issue.

None of the foregoing will come as a surprise to plaintiff; indeed, Family Medicine essentially conceded the insufficiency of its proof by filing a follow-up Motion on March 30, 2016 (nine days after the Rule 23 Motion), requesting "the Court to consider its preliminary Motion for Class Certification upon completion of reasonable discovery." (Doc. 29.) Why would plaintiff file a "preliminary" Rule 23 Motion steeped in conjecture and guesswork, then promptly ask the Court to set that Motion on the back burner until after class discovery occurs? The answer lies in the gamesmanship and jockeying for position that arises in the "picking off" scenarios addressed at length in the separate Order entered on this date concerning Defendants' Motion to Dismiss (doc. 49). To summarize, certain defendants confronted with putative class actions have endeavored to use Rule 68 offers of judgment, accompanied by tender of complete relief for individual claims, to extinguish the named plaintiffs' claims before class certification

occurs or even before a Rule 23 motion is filed. The end game is to moot the complaint before the case ever reaches the certification stage.

Newton's third law of motion posits that for every action, there is an equal and opposite reaction. In the Rule 68 "pick off" context, that equal and opposite reaction may take the form of plaintiffs rushing to file "placeholder" Rule 23 motions as early in a putative class action as possible, in an effort to stake their claim to class certification before any Rule 68 offer / tender results in dismissal and thereby thwart the defendants' "pick off" strategy. That is precisely what Family Medicine has done here.[1] However, just as courts (including this one) have frowned on defendants' use of Rule 68 offers and tenders to snuff out class actions in their infancy, so too has criticism rained down on plaintiffs' practice of filing premature, skeletal Rule 23 motions, unsupported by any factual record, to jam a foot in the class action door before a defendant can slam it shut. *See, e.g., Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 679 (S.D. Ala. 2014) ("[P]laintiff advocates a system in which litigants race to the courthouse to file empty, placeholder motions that may or may not ever be litigated, and that are neither required nor encouraged by the Federal Rules of Civil Procedure …. Such a proposal contravenes the spirit of federal practice, and raises significant concerns as to efficiency and judicial economy.") (citation omitted).[2]

---

[1] Plaintiff candidly admits this motivation in briefing the Preliminary Motion for Class Certification. Indeed, in its principal brief, Family Medicine decries defendants' Rule 68 tactic and implores, "As such, Plaintiff asks this Court to recognize this Preliminary Motion for Class Certification as timely, necessary, and proper." (Doc. 20, at 5.) Plaintiff is even more upfront in its reply, where it observes that the Supreme Court's recent decision in *Campbell-Ewald v. Gomez*, --- U.S. ----, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), "has unintentionally spawned invigorated legal maneuvering by parties to putative class actions, with the defendants seeking to circumvent class action treatment by picking-off the putative class representative and plaintiffs attempting to preserve their class claims by filing straight-out-of-the-chute motions for class certification." (Doc. 54, at 1.)

[2] *See also Minniti v. Eilers*, 302 F.R.D. 655, 656 (S.D. Fla. 2014) ("Pending before the court at this time is a Rule 23 class certification motion which is not supported by any facts or legal argument. The John Hancock defendants are correct that the Motion for Class Certification is premature."); *Smith v. Interline Brands, Inc.*, 87 F. Supp.3d 701, 703 (D.N.J. 2014) (embracing "a sensible recognition of the undesirability of a premature motion for class certification, unsupported by discovery and largely untethered to the requirements for actually certifying a class," questioning whether such a motion comports with Rule 11(b), and acknowledging the near-certainty that such a motion would "impose administrative costs, (Continued)

For the reasons set forth in the *Church* line of authorities, the Court declines Family Medicine's invitation "to accept the Motion for Class Certification as a mere placeholder, an empty vessel into which plaintiff might pour substance and content (assuming the evidence gathered in discovery supports it) many months from now after appropriate class discovery has taken place." *Church*, 299 F.R.D. at 677.  Plaintiff's Rule 23 Motion is premature.  It is unnecessary.  It imposes significant costs on court personnel and the litigants.  And it, much like Perfumania's Rule 68 / tender tactic to pick off Family Medicine (which is merely the flip side of the same strategic coin), exudes the sort of race-to-the-courthouse gamesmanship that contravenes the guiding principle that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Rule 1, Fed.R.Civ.P.

Accordingly, the Plaintiff's Preliminary Motion for Class Certification (doc. 19) and Motion to Consider Class Certification Upon Completion of Reasonable Discovery (doc. 29) are **denied without prejudice**.  Family Medicine is authorized to renew its Rule 23 Motion at an appropriate time upon an appropriate factual and legal showing.

DONE and ORDERED this 5th day of July, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

unnecessary distractions, and … an unhelpful drag on efficiency and judicial economy") (citation omitted); *Wasvary v. WB Holdings, LLC*, 2015 WL 5161370, *3 (E.D. Mich. Sept. 2, 2015) ("This Court shall deny Plaintiff's Motion for Class Certification without prejudice because the motion is premature and there is neither a procedural rule nor any Sixth Circuit authority that allows for the filing of such premature, 'placeholder motions.'"); *Todd v. U.S. Bank, Nat'l Ass'n*, 2015 WL 4506111, *5 (E.D. Pa. July 24, 2015) ("Plaintiff's premature motion for class certification cannot be granted, nor stayed indefinitely pending class discovery in order to prevent a potential 'pick-off' under Rule 68.  The standards of Rule 23 cannot cower to the fears of Rule 68.  This motion is premature."); *Sandusky Wellness Center LLC v. Medtox Scientific, Inc.*, 2013 WL 951143, *2 (D. Minn. Mar. 12, 2013) ("At this stage in the proceedings, no discovery has taken place, and it appears the motion for class certification was filed merely as a placeholder.  In other words, the motion is untimely, as it is entirely unclear whether a request for class certification will eventually be warranted.") (footnote omitted).