# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **FAMILY MEDICINE PHARMACY LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0563-WS-C |
| | ) |
| **PERFUMANIA HOLDINGS, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**FINAL JUDGMENT AND ORDER APPROVING CLASS SETTLEMENT**

This matter comes before the Court on plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Entry of Final Judgment (doc. 92) and plaintiff's Motion for Award of Attorneys' Fees, Expenses and Incentive Payments for Class Representatives (doc. 94). For the reasons set forth herein, both Motions are **granted**.

On December 14, 2016, the undersigned entered an Order (doc. 86) granting preliminary approval (the "Preliminary Approval Order") of the settlement reached between plaintiff, Family Medicine Pharmacy LLC ("Family Medicine"), on its own behalf and on behalf of the settlement class, and defendants, Perfumania Holdings, Inc., Perfumania, Inc., Quality King Fragrance, Inc., and Quality Fragrance Group. This settlement is memorialized in a 43-page Settlement Agreement and Release attached as Exhibit 1 to plaintiff's Motion for Final Approval of Class Action Settlement (doc. 92). Capitalized terms used herein shall have the same meanings ascribed to them in the Settlement Agreement.

On June 29, 2017, the Court held a fairness hearing. Counsel for all parties participated in the hearing telephonically, with the Court's prior approval. (*See* doc. 95.) Members of the Settlement Class were given appropriate notice of the Fairness Hearing and were invited to attend in order to assert any objections to the terms of the Settlement Agreement or plaintiff's requests for approval/award of attorney's fees, class representative incentive payment and reimbursement of expenses. Pursuant to the Preliminary Approval Order and Rule 23(e), Fed.R.Civ.P., an opportunity to be heard was given to all such class members at the Fairness

Hearing; however, no persons other than the parties and their counsel appeared at the Fairness Hearing, requested leave of court to address any aspect of the proposed settlement, or filed any notice, request or motion prior to the Fairness Hearing requesting an opportunity to be heard or articulating any objections to the settlement, the requested attorney's fee award, incentive payments or expense reimbursement.

The Court having considered the Settlement Agreement, plaintiff's Memorandum Brief of Points and Authorities (doc. 93), the Motions and exhibits thereto, the Preliminary Approval Order, and the arguments and evidence presented at the Fairness Hearing, it is hereby **ORDERED** as follows:

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, the Escrow Account, and the claims asserted in this action.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations, including a mediation session before an experienced mediator.

3. This Court grants **final approval** of the Settlement Agreement, including but not limited to the Releases set forth therein, and finds that the Settlement Agreement is in all respects fair, adequate and reasonable, is not the product of collusion between the parties, and is in the best interests of the Settlement Class.[1] All members of the Settlement Class that have not opted out are bound by this Order.

---

[1] "In determining whether the class action settlement is fair, reasonable, and adequate, the district court considers these factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Nelson v. Mead Johnson & Johnson Co.*, 484 Fed.Appx. 429, 434 (11th Cir. 2012) (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). Those factors support a conclusion that the settlement achieved in this case is fair, reasonable and adequate. In particular, plaintiff's success at trial was by no means a foregone conclusion. The types of risks that class members would have faced had the litigation not settled include, without limitation, the possibility that class certification could have been denied, that defendants' "established business relationship" defense could have been deemed meritorious, or that defendants' financial position could have ultimately frustrated collection efforts. Moreover, had class members prevailed at trial, their most likely recovery would have been statutory damages of $500 per fax transmission. *See* 47 U.S.C. § 227(b)(3)(B) (allowing recovery of "actual monetary loss from such a violation, or … $500 in damages for each violation, which ever is greater"). After deduction of plaintiffs' counsel's one-third contingency (Continued)

## CLASS CERTIFICATION

4. The class that was conditionally certified in the Preliminary Approval Order is now **finally certified**, solely for purposes of this Settlement, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, to-wit:

> All Persons with fax numbers who, between January 1, 2011 through and including the date of entry of the Preliminary Approval Order, received any successful transmission of an unsolicited fax from Defendants advertising Defendants' products and/or services.

5. The Court finds that certification of the Settlement Class solely for purposes of this settlement is appropriate for the reasons set forth in detail in the Preliminary Approval Order, including the following: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over those questions affecting only individual Settlement Class Members; (c) Family Medicine's claims are typical of the claims of the Settlement Class; (d) Family Medicine has adequately protected, and will adequately protect, the interests of the Settlement Class; (e) McFerrin Law Firm LLC and Zarzaur Mujumdar & Debrosse are adequate Settlement Class counsel; and (f) a class action is superior to other available methods for adjudicating the controversy.

6. Family Medicine is **designated** as Class Representative of the Settlement Class.

---

fee, class members would have been left with a recovery of $333.33/fax, less expenses. Under the terms of the Settlement Agreement, however, each Settlement Class Member receives $190.25/fax. (To calculate, $463,349.50 gross settlement - $139,004.83 attorney's fees - $658.32 expenses - $10,000 incentive payment - $15,000 administration fees = $298,685.35 net settlement. Dividing $298,685.35 / 1,570 compensable faxes = $190.25 per compensable fax.) That equates to 57% of the net statutory damages achievable, and is therefore a substantial recovery. Of course, by settling now, the parties avoided months or potentially years of additional expensive litigation proceedings, including extensive discovery, summary judgment briefing, trial and appeals. No opposition to the settlement was expressed by any Settlement Class Member or anyone else, at any time. And the settlement was achieved at what Settlement Class Counsel described in the Fairness Hearing as the "sweet spot" of the litigation, in terms of the parties having proceeded far enough in the case to be able to reach a knowledgeable, informed settlement, without having invested the massive amount of additional resources necessary to prepare the case for trial. For all of these reasons, the Court readily concludes that the Settlement Agreement is properly approved as fair, adequate and reasonable.

7.  James H. McFerrin of McFerrin Law Firm LLC in Birmingham, Alabama, and Diandra S. Debrosse Zimmermann of Zarzaur Mujumdar & Debrosse in Birmingham, Alabama, are **appointed** as Settlement Class Counsel.

## CLASS NOTICE

8.  For the reasons set forth in detail in the Preliminary Approval Order, the form of class notice described in the Settlement Agreement fully complies with the requirements of Rule 23(c)(2)(B), Fed.R.Civ.P., constitutes the best notice practicable under the circumstances, and is sufficient notice to all persons entitled to notice of the settlement of this action. The Court has previously approved the form of the notice to the Settlement Class.

9.  Plaintiff has submitted substantial evidence to show that the manner of notice was effective in reaching members of the Settlement Class. In particular, a declaration from the duly-appointed settlement administrator, RG/2 Claims Administration LLC, details the efforts undertaken to provide notice of the settlement to all class members and confirms that only 4.9% of the 6,980 notices issued have been returned and deemed unsuccessfully delivered, with the remaining 95.1% of those notice packets being presumed as having been successfully delivered to eligible Class Members. (Doc. 92, Exh. 2, ¶ 14.)

10. Notice was attempted by facsimile and/or U.S. Mail to each Settlement Class Member identified on the Notice List. Additionally, Settlement Class Counsel posted the Settlement Agreement, the Class Notice, the Claim Form and the Preliminary Approval Order on the firm website at www.zarzaur.com. These same materials were also posted at the settlement claims administrator's website, www.rg2claims.com.[2]

---

[2] The Preliminary Approval Order specified that Settlement Class Counsel's petition for attorney's fees (doc. 94) must also be published on these websites. (Doc. 86, at 15 #11.) Because of an oversight, however, the fee petition was not made available to class members in that manner. Under the circumstances presented here, however, this omission is harmless. Here is why: The Notice of Proposed Class Action Settlement expressly alerted all class members that the proposed settlement would or could encompass "attorneys' fees to Counsel for Plaintiff and the Settlement Class (up to **1/3** of the Settlement Amount less Administration Costs)." (Doc. 92-1, Exh. B at 2.) The same information was available in the Settlement Agreement posted on the subject websites. Thus, Settlement Class Members were on notice that (and could have objected that) Settlement Class Counsel might seek an award of attorney's fees of up to one-third of the common fund. In fact, the amount of attorney's fees requested by Settlement Class Counsel in their Motion for Award of Attorneys' Fees is 30% of the Settlement Amount, which is less than the maximum amount that class members were (Continued)

11. A total of **472** valid and timely claim forms were submitted, representing **1,570** compensable facsimiles. (Doc. 92, Exh. 2, ¶ 15.) An additional 107 claim forms were received; however, Settlement Class Counsel explained during the Fairness Hearing that the Settlement Administrator rejected those claims as invalid because the claimants were not on the list of class members to whom defendants had directed facsimile transmissions.

## OBJECTIONS AND OPT-OUTS

12. No objections of any kind were filed by Settlement Class Members or their counsel with the Clerk of Court, presented to Settlement Class Counsel or the Settlement Administrator, or raised at the Final Approval Hearing.

13. Four putative class members validly requested exclusion from the Settlement Class. (Doc. 89-1, at Exh. E.) To honor those exclusion requests, Synergy Medical Systems (Eugene, Oregon), Tiptonville Health Mart Drug (Tiptonville, Tennessee), Rogers Pharmacy (Walnut Ridge, Arkansas) and Sovereign Pharmacy Solutions and Fine Gifts (Ada, Oklahoma) are hereby **excluded** from the Settlement Class.

## CLASS COMPENSATION

14. In accordance with the terms of the Settlement Agreement, Defendants shall pay **$463,349.50** for the Settlement Amount, less Pre-Effective Date Administration Costs in excess of $10,000, by wire transfer into the Escrow Account within fourteen (14) business days after the Effective Date, as well as one (1) ten dollar ($10.00) gift card per Claimant who submits a valid and timely Claim Form. The Settlement Amount shall be distributed in accordance with the Settlement Agreement, this Order, and any further order of the Court.

---

notified might be requested. At any rate, the Motion for Award of Attorneys' Fees was filed with the Clerk of Court in this action and is a matter of public record accessible to any Settlement Class Member or anyone else. On this showing, the Court finds that members of the Settlement Class had sufficient notice of the magnitude of the attorney's fee award sought by Settlement Class Counsel to frame any objections that they might deem appropriate, notwithstanding the inadvertent failure to publish the attorney's fee petition on the websites of Settlement Class Counsel and the Settlement Administrator. No objections to the proposed fee award for Settlement Class Counsel have been raised by anyone at any time.

## ATTORNEY'S FEES AND INCENTIVE AWARD

15. The Court has considered Settlement Class Counsel's application for attorney's fees under the governing legal standard.[3] The Court awards Settlement Class Counsel the requested amount of **$139,004.83** as attorney's fees to be paid from the Settlement Amount within thirty (30) days after the Effective Date.

16. The Court awards Settlement Class Counsel reimbursement of **$658.73** in expenses they reasonably and necessarily incurred in prosecuting this action. Such attorney's expenses are to be reimbursed to Settlement Class Counsel from the Settlement Amount within thirty (30) days after the Effective Date.

17. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and awards **$10,000.00** to Family Medicine Pharmacy LLC.[4] This payment shall be made from the Settlement Amount within thirty (30) days after the Effective Date.

---

[3] In the Eleventh Circuit, it has long been the rule that "[a]ttorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) (citations omitted). Here, Settlement Class Counsel seek a fee award of 30% of the common fund. "Where the requested fee exceeds 25%, the court is instructed to apply the twelve *Johnson* factors," including "(1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Faught*, 668 F.3d at 1242-43 (citations omitted). After careful consideration of Settlement Class Counsel's showing on each of the *Johnson* factors, and particularly counsel's expenditure of more than 430 hours in the case, the contingent nature of the fee, the substantial risks involved, the excellent results obtained for the Settlement Class, and the experience and skill levels of counsel, the Court agrees that an attorney's fee of 30% of the common fund is fair, reasonable and appropriate in this case.

[4] "[T]here is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action. … Courts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class representatives." *In re Checking Account Overdraft Litigation*, 830 F. Supp.2d 1330, 1357 (S.D. Fla. 2011) (citations and internal quotation marks omitted); *see also In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 358 (N.D. Ga. 19930 ("The Court finds that incentive awards are appropriate to recognize the efforts of the representative plaintiffs to obtain recovery for the class."). In determining whether a requested incentive award is appropriate, courts consider such factors as "(1) the actions the class representatives took to protect the
(Continued)

## OTHER PROVISIONS

18.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order, nor any of their provisions, nor any of the documents (including draft agreements or orders), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding, except in an action brought to enforce the terms of the Settlement Agreement or as may otherwise be required by law or court order.

20.     Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Distributable Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the *cy pres* recipient, the Leukemia & Lymphoma Society, c/o Laura Buckley, National Director of Philanthropy, 3 International Drive, Rye Brook, New York 10573.  Payment is due in accordance with the timing set forth in the Settlement Agreement.

21.     Settlement Class Counsel and the Settlement Administrator shall file a final accounting detailing the distribution of the Settlement Amount by **September 30, 2017**.

22.     Within 21 days after entry of this Order, the Settlement Administrator shall send a letter and W-9 form to each Settlement Class Member who is entitled to recover $600.00 or more, explaining that such class member is required to submit a W-9 form to the Settlement Administrator within 30 days after the date of the letter.  Settlement Class Members to whom such letters are issued shall have 30 days after the date the letter was sent to respond and submit

---

interests of the class; (2) the degree to which the class benefited from those actions; and (3) the amount of time and effort the class representatives expended in pursuing the litigation." *In re Checking Account*, 830 F. Supp.2d at 1357.  Here, the information before the Court is that Family Medicine actively participated in the case from its inception by being involved in litigation strategy, expending time and effort to provide necessary information and materials, and the like.  Family Medicine's efforts to protect the interests of the class resulted in a substantial benefit for the class.  Under the circumstances, the Court finds that the requested incentive award of $10,000 is appropriate and reasonable to compensate Family Medicine for its service to the Settlement Class.

a completed W-9 form to the Settlement Administrator. The Settlement Administrator shall withhold taxes on payments to Settlement Class Members who fail timely to submit a completed W-9 form.

23. The Settlement Administrator will begin disbursing the Distributable Settlement Fund within thirty (30) days after expiration of the deadline to submit a W-9 form. The re-distribution of the Distributable Settlement Fund, if any, shall be sent thirty (30) days following expiration of the void date on the Settlement Class Members' checks.

24. The Preliminary Approval Order appointed RG/2 Claims Administration LLC as the Settlement Administrator. In fulfilling its obligations pursuant to this appointment, the Settlement Administrator shall make all distributions to Settlement Class Members in accordance with the terms of the Settlement Agreement and this Court's orders.

25. As agreed and stipulated by the parties, this action is hereby **dismissed with prejudice** pursuant to Rule 41(a)(2), Fed.R.Civ.P. At the parties' express request, the Court will retain jurisdiction until 30 days after the Effective Date for the limited and sole purpose of enforcing the terms of the Settlement Agreement and the provisions of this Order.

26. Upon the Effective Date, the Settlement Class Members, on behalf of themselves, their predecessors, successors, assigns, beneficiaries, and additional insureds, shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished and discharged all Claims, known and unknown, that they have or may have against the Released Parties, through the date of the Preliminary Approval Order, under the Telephone Consumer Protection Act of 1991, the Junk Fax Prevention Act of 2005, any comparable statutes of any state, and any other federal or state statutory or common law, and for relief under any equitable theory, or for prospective or retrospective relief, that were or could have been asserted based on or relating to the conduct alleged in the Amended Complaint. Upon the Effective Date, the Settlement Class Members shall be deemed to have waived the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

27. Settlement Class Counsel has waived, discharged and released the Released Parties of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with this action.

DONE and ORDERED this 30th day of June, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE